UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DODD POWELL KING | ) | |
| CHERYL A. KING | ) | |
| | ) | |
| V. | ) | NO. 2:09-CV-276 |
| | ) | |
| ALLSTATE INSURANCE COMPANY | ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion for sanctions under F.R.Civ.P. 37. (Doc. 23). The motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. In most cases, the magistrate judge would address the defendant's motion by an order. However, because of the relief which the magistrate judge believes to be warranted under the circumstances of the case, a report and recommendation is the appropriate vehicle.

This case has an unusual history. The plaintiff Dodd King initially filed his suit in state court, claiming that Allstate Insurance Company had wrongfully refused to pay him for losses under a fire insurance policy issued by Allstate to him. Plaintiff was represented by attorney Frank Slaughter, Jr. The case ultimately was removed to this court by Allstate.

Allstate insisted that plaintiff's wife, Cheryl King, was an indispensable party, and this court agreed; *see*, Order, Doc. 5. In due course of time, attorney David Haynes of Bristol, Tennessee, filed a responsive pleading on behalf of Cheryl King.

Cheryl King's lawyer later asked to be allowed to withdraw, and that request was granted (Doc. 17). In that same order, Cheryl King was allowed until October 1, 2011, in which to obtain replacement counsel; failing therein it would be assumed that she intended to represent herself. No attorney has entered an appearance on behalf of Cheryl King in the preceding twelve months; therefore, she has represented herself since October 2011.

In August 2011, attorney Slaughter asked to be allowed to withdraw as attorney for Dodd King (Doc. 18). The court denied his motion for failure to comply with Rule 83.4(f) of the Local Rules of the Eastern District of Tennessee; *see*, Doc. 19.

In May 2012, the district judge filed his Scheduling Order, Doc. 21. In that order the parties were instructed to make their Rule 26(a)(1) disclosures, and to file a discovery plan by August 15, 2012.

On October 3, 2012, the defendant Allstate filed its Rule 37 motion for sanctions. On that same date, attorney Slaughter filed his second motion to withdraw as attorney for Dodd King, Doc. 24. The court deferred ruling on Mr. Slaughter's motion to withdraw, desiring to determine if any responses would be filed by either the plaintiff, Dodd King, or the involuntary plaintiff, Cheryl King.

The involuntary plaintiff, Cheryl King, has not responded to Allstate's motion for sanctions. The original plaintiff, Dodd King, however, did file a purported response, which was filed by attorney Slaughter. That "response" purports to be Dodd King's long-overdue initial disclosures, but in fact Mr. Dodd King's disclosures appear to be a copy of *Allstate's* initial disclosures. Regardless, Dodd King offered no explanation for his failure to comply

2

with the court's Scheduling Order and Rule 26.

By order filed on October 23, 2012, attorney Slaughter was allowed to withdraw. On that same day, the magistrate judge of this court filed an order, directed to Dodd Powell King, to either obtain replacement counsel who should his/her appearance by 12:00 Noon on November 5, 2012, or, alternatively, to affirmatively advise the court that he intended to represent himself. No attorney entered an appearance by that deadline, and neither did Mr. King advise this court that he wishes to represent himself. Dodd Powell King also was notified in that order that if he failed to procure replacement counsel, and if he failed to notify the court that he intended to represent himself, it would be presumed that he had lost interest in his lawsuit, as a result of which his lawsuit would be dismissed.

The question that must now be answered is the appropriate sanction that should be granted against Dodd Powell King and Cheryl King.

In different circumstances, an order compelling discovery, and an order awarding attorney fees, likely would be the appropriate sanction under Rule 37(c)(1)(A). But this case is different. Cheryl King declined to participate in the scheduling conference, and she did not respond to the motion for sanctions. One must presume that she would decline to honor any motion to compel. By the same token, the plaintiff Dodd King apparently has a complete lack of interest in pursuing his lawsuit as manifested by his failure to maintain contact with his attorney, and by failing to either obtain replacement counsel or notify the court he wishes to represent himself.

3

It is respectfully recommended that this suit be dismissed for failure to prosecute.[1]

Respectfully submitted,

s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).